Kline PRICE, Jr., M.D.

v.

**HOWARD COUNTY GENERAL HOSPITAL, et al.**

Civil No. Y–95–3355.

United States District Court,
D. Maryland.

Dec. 19, 1996.

Thomas C. Beach, III, M. Natalie McSherry, John V. Church, Judith Clairbourne Ensor, and Whiteford, Taylor & Preston, L.L.P., Baltimore, MD, for Plaintiff.

Brian M. Peter, Adrian R. King, Jr., Jonathan B. Sprague, Sidney R. Steinberg, and Post & Schell, P.C., Philadelphia, PA, Robert C. Morgan, and Mason, Ketterman and Morgan, P.A., Baltimore, MD, for Defendant Howard County General Hospital.

Donald L. DeVries, Jr., Craig B. Merkle, Teri Kaufman Leonovich, and Goodell, DeVries, Leech & Gray, L.L.P., Baltimore, MD, for individual Defendants.

Karen S. Guarino, J. Kirby Fowler, Jr., and Ober, Kaler, Grimes & Shriver, P.C., Baltimore, MD, for Movants St. Agnes Hospital and St. Agnes Surgery Center.

Susan Berry Bloomfield and Lerch, Early & Brewer, Chtd., Bethesda, MD, for Movant Montgomery General Hospital.

Mark C. Hansen, James E. Boasberg, James M. Webster, and Kellogg, Huber, Hansen, Todd and Evens, P.L.L.C., Washington, DC, for Movant NYLCare Health Plans of the Mid–Atlantic.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

Plaintiff, Dr. Kline Price, Jr. ("Dr. Price"), was subject to certain restrictions on performing surgical procedures at Howard County General Hospital, Inc. ("Howard County General"). Dr. Price alleges conspiracy in restraint of trade in violation of federal antitrust law (Count I), unfair competition in violation of state law (Count II), breach of contract (Count III), negligent breach of contract (Count IV), intentional interference with prospective advantage (Count V), denial of substantive due process (Count VI), intentional interference with contract (Count VII), and violation of federal civil rights (Count VIII).

### I.   Motions to Quash

In the course of discovery in this suit, Defendant Howard County General served subpoenas duces tecum on St. Agnes Hospital, St. Agnes Surgery Center, NYLCare Health Plans of the Mid–Atlantic, and Montgomery General Hospital (collectively the "Movants") seeking, inter alia:

Request No. 1.   Dr. Price's "credentials/personnel file," including application for appointment or reappointment, letters of reference, and all documents obtained in investigating and verifying his application.

Request No. 2.   Dr. Price's "Quality Assurance File," including quality review, case review, and utilization review reports.

The non-party Movants have each filed Motions to Quash or Modify the Subpoenas. The crux of the dispute is over access to the confidential medical peer review files containing the subpoenaed information of the four non-party Movants.

The Movants rely on a Maryland statutory privilege against admission or discovery of the proceedings of a medical review committee. MD.CODE ANN., HEALTH OCC. § 14–501(d) (Supp.1996).[1] Howard County General contends that the Maryland privilege is inapplicable in the context of a federal antitrust action and, thus, the information should be provided in light of the broad ambit of federal discovery.

In federal question cases, the federal common law of privileges is applicable. Wm. T. Thompson Co. v. General Nutrition Corp., Inc., 671 F.2d 100, 104 (3d Cir.1982). The standard for discovery under the Federal Rules of Civil Procedure is quite broad.

---

1.   The Statute states, in pertinent part:

(d) Proceedings, records, and files confidential and not admissible or discoverable.—(1) Except as otherwise provided in this section, the proceedings, records, and files of a medical review committee are not discoverable and are not admissible in evidence in any civil action arising out of matters that are being reviewed and evaluated by the medical review committee.

\*     \*     \*     \*     \*     \*

(e) Same—Exceptions.—Subsection (d)(1) of this section does not apply to:

(1) A civil action brought by a party to the proceedings of the medical review committee who claims to be aggrieved by the decision of the medical review committee; or

(2) Any record or document that is considered by the medical review committee and that otherwise would be subject to discovery and introduction into evidence in a civil trial.

Md.Code Ann., Health Occ. § 14–501 (SUPP. 1996).

FED.R.CIV.P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ."). However, the Court must bear in mind the interests protected by any state law privileges and protect those interests to the extent they are consistent with the federal policies implicated in a case. *United States v. King*, 73 F.R.D. 103, 105 (E.D.N.Y.1976) ("A strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy.").

■ The present suit raises a federal claim of conspiracy in restraint of trade in violation of the Sherman Antitrust Act, 15 U.S.C. § 1, and, therefore, the Maryland medical peer review privilege is not controlling. Instead, the Court must balance the need for discovery of the information from the medical peer review committee files against the policies behind the state privilege. *Wei v. Bodner*, 127 F.R.D. 91, 95 (D.N.J.1989).

■ Howard County General argues that the information from the medical peer review committee files is needed to determine what impact, if any, the committee had on competition for hospital-based OB/GYN services in the relevant market. Howard County General hopes to defend against Dr. Price's conspiracy in restraint of trade claim by showing that competition for hospital-based OB/GYN services was not harmed because Dr. Price could provide services to his patients at other health care facilities in the area. The information from the medical peer review committee files is relevant to Howard County General's defense to the federal antitrust claim.[2]

On the other arm of the balance, the purpose behind the Maryland medical peer review privilege is "to foster effective review of medical care and thereby improve the quality of health care." *Brem v. DeCarlo, Lyon, Hearn & Pazourek, P.A.*, 162 F.R.D. 94, 97 (D.Md.1995); *Unnamed Physician v. Commission on Medical Discipline*, 285 Md. 1, 13, 400 A.2d 396, *cert. denied*, 444 U.S. 868, 100 S.Ct. 142, 62 L.Ed.2d 92 (1979). Confidentiality is essential because "physicians are frequently reluctant to participate in peer review evaluations for fear of exposure to liability, entanglement in malpractice litigation, loss of referrals from other doctors, and a variety of other reasons." *Baltimore Sun Co. v. University of Maryland Medical Sys. Corp.*, 321 Md. 659, 666–68, 584 A.2d 683 (1991).

Faced with the issue of the discovery of information protected by a state medical peer review privilege from a party, as opposed to a non-party, in the context of an antitrust action, several courts have held that the federal interests in "ascertaining the truth through an examination of all the available facts" and "the driving force behind the federal antitrust laws—free competition" outweigh the policies underlying the state privilege. *See Memorial Hosp. for McHenry County v. Shadur*, 664 F.2d 1058, 1061–63 (7th Cir.1981); *Swarthmore Radiation Oncology, Inc. v. Lapes*, No. 92–3055, 1993 WL 517722, *3 (E.D.Pa. Dec. 1, 1993); *Pagano v. Oroville Hosp.*, 145 F.R.D. 683, 692 (E.D.Ca. 1993); *Wei v. Bodner*, 127 F.R.D. 91, 98

---

2. Montgomery General Hospital ("Montgomery General") argues that the confidential information in the medical peer review files is not relevant. (Reply Br. at 8–10). First, they assert that Montgomery General is not part of the relevant market as defined in the Complaint because it is located in Montgomery County. Second, they argue that the information in Dr. Price's medical peer review files has no bearing on his ability to attract business. Instead, they argue that the relevant information is "whether Dr. Price has privileges at the hospital, what types of privilege delineations he has been granted at the hospital, and whether there are any restrictions on his privileges—information which Dr. Price is un-

doubtedly in a position to document." (Reply Br. at 9). Montgomery General has acknowledged that "Dr. Price has enjoyed unrestricted medical staff privileges at Montgomery General Hospital since 1972." (Reply Br. at 10). Finally, Montgomery General suggests that the nature and number of procedures performed by Dr. Price at Montgomery General is far more relevant and that information has been provided. The Court rejects these arguments and finds that the information sought by Howard County General is relevant in that it is "reasonably calculated to lead to the discovery of admissible evidence" with respect to the federal antitrust claim. Fed.R.Civ.P. 26(b)(1).

(D.N.J.1989).[3]

Outside the antitrust context, the Maryland medical peer review privilege has been extended to protect information in an action involving federal race and sex discrimination and state defamation claims. *Brem*, 162 F.R.D. at 101. In reaching this decision, Judge Blake noted that discovery was sought from a non-party and the information was available from sources independent of the peer review process. *Id.* at 100–02.

The Court finds that Howard County General's need for discovery of the information from the medical peer review committee files and the paramount interest of the federal antitrust laws in preserving free competition outweigh the interests underlying the state medical peer review privilege. Accordingly, the Court will deny the Motions to Quash and allow discovery to go forward with respect to the information in the medical peer review files of St. Agnes Hospital, St. Agnes Surgery Center, NYLCare Health Plans of the Mid–Atlantic, and Montgomery General Hospital.

The Court recognizes the concerns of the Movants regarding the confidential nature of the information in their medical peer review files. Accordingly, information from medical peer review files that is disclosed is done solely for purposes of the pending litigation. In addition, the Court has previously approved a Protective Order, stipulated to by the parties, and any information from the Movants' medical peer review files may be designated confidential and thereby subject to the Protective Order.

## II.  *Motions to Dismiss*

■ Motions to Dismiss Count VI of Dr. Price's Amended Complaint have been filed by Defendants Howard County General Hospital, Alan W. Lohause, M.D., Mary P. Hogan, M.D., Steven F. Noskow, M.D., and Paul Valove, M.D. Count VI alleges a denial of substantive due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution in the consid-

eration of Dr. Price's application for medical privileges at Howard County General.

By Letter and Marginal Order of January 31, 1996, the Court dismissed similar Motions to Dismiss Count VI of Dr. Price's Original Complaint. At that time, the Court stated: "Although there may be some issue related to this Count at this time, discovery has not been completed and it would, therefore, be premature to resolve that motion." The Court finds that conditions have not changed sufficiently to warrant granting the pending Motions to Dismiss Count VI of the Amended Complaint, and, accordingly, the Motions will be denied.

## ORDER

In accordance with the attached Memorandum Opinion, it is this 19th day of December 1996, by the United States District Court for the District of Maryland, ORDERED:

1. That the Motions to Quash filed by St. Agnes Hospital, St. Agnes Surgery Center, NYLCare Health Plans of the Mid–Atlantic, and Montgomery General Hospital BE, and the same ARE, hereby DENIED; and

2. That the Motions to Dismiss Count VI filed by Defendants Howard County General Hospital, Alan W. Lohause, M.D., Mary P. Hogan, M.D., Steven F. Noskow, M.D., and Paul Valove, M.D. BE, and the same ARE, hereby DENIED; and

3. That a copy of this Memorandum Opinion and Order be mailed to counsel for the parties and movants.

---

**3.**  In contradistinction to the pending action, the discovery dispute in the cited antitrust cases related to allegations of misconduct in the medical peer review process which could only be discovered through access to the files of the medical peer review committee.